The opinion of the Court was delivered by
Bermudez, C. J.
The prisoner was prosecuted for larceny, tried,' convicted and sentenced to twelve months at hard labor in the penitentiary.
It is sought on appeal to have the judgment set aside, on the ground that the District Judge refused to charge the jury that “the general rule is that where a man in whose possession stolen property is found, gives a reasonable account of bow he came by it, it is incumbent on the prosecution to show that his account is false.”
The rule is recognized by Greenleaf, but qualified by Bisliop, who adds : “ But if the account given by the prisoner be unreasonable or improbable on the face of it, the onus of proving its truth lies on him. *394 Suppose, for instance, a person were to charge me with stealing this watch, and I were to say that I bought it from a particular tradesman whom I name; that is aprima fade reasonable account, and I ought not to be convicted of felony, unless it is shown that the account is a false one.” Bishop Crim. Proc. Sec. 740, N. 4; Reg vs. Crowhurst, 1 Car. and L. 370; see also Waterman Crim. Dig. Sec. 392, p. 406.
The Judge charged the jury that “ where the stolen goods, immediately after the theft, are found in the possession of the defendant, the presumption is that he has stolen them, and if he gives a reasonable account of how he came by them, the prosecution is not bound to show such account to be false. Possession of stolen property is not of itself sufficient to warrant a conviction, it is only the circumstance to be considered with the evidence. The presumption that newly stolen goods found in the possession of defendant were stolen by him, may be overcome by evidence explaining the possession. Any such evidence legitimately tending to explain such possession, should be received.”
The court did not err in refusing the charge asked, and 'in giving that which it did. The question of reasonableness of the account or explanation given by the accused, is a matter for the consideration of the jury. If the account is justified by the accused, and is considered reasonable by the jury, and the State has not disproved it, or if it raises a reasonable doubt, it is the duty of the jury to acquit; while if the account is unreasonable or improbable on its face, or if the accused does not verify his explanation, the jury should find against him. Archbold Or. Pr. and Pl. 7th Ed. Vol. II, p. 397; Wharton Am. Crim. L. 4th Ed. Secs. 728, 730; Roscoe’s Crim. Ev. 5th Am. Ed. pp. 18, 048; Crim. Law Mag. V. I, p. 11.
We have no opinion to express touching the extent of the punishment inflicted. The District Judge could have sentenced the accused front one day to two years at hard labor. He condemned the prisoner to twelve months in the penitentiary.
Judgment affirmed.